Ruffin, C. J.
 

 We concur with his Honor in refusing the defendant’s motion to dismiss. That is a proceeding not known to the common law, but introduced by the act of 1826, Rev. Stat. c. 31, s. 41, which.imposes that duty when a suit shall be “commenced for any sum of less value than $100 that is, as we conceive, when the sum demanded in the action is less than $100. The acts of 1804 and 1820 were, no doubt, intended to malre the jurisdiction of justices, thereby conferred, exclusive ; but they provided that actions brought in courts for less than $60, or $100, should te abated on plea; and it was held, that the construction of those acts was, that a plea in abatement was the only means of ousting the jurisdiction of the courts, inasmuch as that was the method of the common law, and the statutes contained no-provision for entering a non-suit after the sum due was ascertained by a verdict, as in the Superior Courts under the acts of 1777 and 1793.
 
 Sheppard v
 
 Briggs,
 
 2
 
 Hawks 369, in the year 1823. Then there grew up a practice of bringing suits in the- County Courts on bonds and notes for sums between $60 and $100, upon an understanding among the attorneys not to plead in abatement. It was to remedy that mischief, that the act of 1826 was passed,
 
 *163
 
 making
 
 it the
 
 duty of the court to dismiss suits when the want of jurisdiction appears, whether the attorneys will or not. And the question -is, to what cases that act applies ? We think both from the words of-the statute and from the nature of "the subject, that it manifestly applies to actions, in which less than $100 is sued for or demanded in the writ and declaration, and not to those in which a large sum is demanded, but a smaller found due by a verdict on pleas in bar. The words are “if any suit shall be
 
 commenced
 
 for any sum of less value than $100;” which would seem to express plainly enough an action brought for less than $100, and not one, in which, though brought for. more, the recovery was less than $100. But the meaning to be given to the phrase, “ commenced for,” is placed above doubt by the sense in which it is, unquestionably, used in another statute
 
 in pari materia.
 
 In the acts of 577and ’93, before alluded to, it is enacted, “ that no suit shall be originally
 
 commenced
 
 in the Superior Courts for any debt of less value than &c.” ; upon which words the course would be to plead in abatement, if a suit were brought for a sum less than those mentioned. But the acts go on to add, “ and if any suit shall be
 
 commenced
 
 contrary to the meaning hereof,
 
 or
 
 if any shall
 
 demand a greater sum than is due,
 
 on purpose to evade this act; in
 
 either case
 
 , the plaintiffshall.be nonsuit-ed and pay costs;” with a proviso for the plaintiff’s shewing on affidavit that
 
 “
 
 the sum for which his suit was brought was really due,” though not recovered, and thereby avoiding the nonsuit. Now, it is obvious in those acts, that the words “ commenced for a sum” and “ the sum for which his suit was brought,” are used as synonimous ; and both are contradistinguished from the others, “ if any person shall demand a greater sum t’han is due,” with the intent to evade the act. In the first case, the nonsuit may be entered from inspection of the declaration. In the other, it must appear by verdict, that the lesser sum is due, that it may .appear that the greater sum was demanded in order to evade*the act,; and when that appears, a nonsuit is entered,
 
 non obstante veredicto,
 
 by force of the act. But the act of 1826 has no
 
 *164
 
 provision, but only directs the court to dismiss a suit, that is
 
 commenced
 
 or brought for less than $100; leavingthe case of a suit brought for more, but in which less is due, to the operation of the common law or the previous statutes, and to beabated on plea. If it had been intended to place this case .on .the same footing with that of suits in the Superi- or Courts, it would have been easy
 
 to have
 
 adopted the provisions .of the acts of
 
 ’77
 
 and ’93. As that was not done, there is no method of proceeding but by plea in abatement. By what means can the court ascertain, - for itself, that the whole sum demanded is not due
 
 7
 
 The Legislature could not mean, that, upon motion and affidavits, the court should undertake to determine th,e whole merits of the suit, and thus supersede the trial by jury; nor .can the court, without the express mandate of a statute, refuse to receive a verdict because it finds more or less to be due, or, after receiving and recording it, nonsuit the plaintiff, or, in the language of this act, dismiss his suit. To render the act of 1826 effectual to such an end, an amendment, conferring that power on the court, is indispensable.
 

 But we are of opinion, that it was erroneous to give the plaintiff judgment in the Superior Court on the verdict in the County Court. The
 
 plaintiff
 
 might have carried her case into the Superior Gourt by writ of error : and then she would have been entitled to judgment in the Superior Court, if upon the record she ought to have had it in the County Court; because, in that proceeding, only the matter of law upon the record is to be determined. But upon appeal it is otherwise ; for the act,
 
 1777,
 
 c. 115, s. 77, (Rev. St. c. 31. s. 122) is express ‘'that in all appeals from the County to the Superior Court,
 
 if the trial in the County Court was of an issue to the County,
 
 a trial
 
 de novo
 
 shall be had.” The appeal vacates the judgment rendered and the verdict also, and the course is, to proceed as if there had been no trial. If language so explicit could require the aid of construction, it has long received it in the case of
 
 Snowden
 
 v
 
 Humphries,
 
 1 Hay. 21. Suppose a special verdict in the County Court and judgment and appeal; it would stand po higher than a
 
 *165
 
 general verdict, although the appellant might have urged in the County Court, that upon the verdict, as it was, he was' entitled to judgment. In the Superior Court, either party is at liberty to shew the facts to be otherwise than found in the verdict below. Of course, this is different from decisions in petitions, or on demurrer, or awards, or the like; in which there was not a trial, of an issue; but a different mode decision. For this reason the judgment of the Superior Court must be reversed, and the cause remanded, with directions to proceed to try the issues joined between the parties, and otherwise act according to right and justice.
 

 Per Otjriam, Judgment reversed and cause remanded.